UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NELSON DAVID LOPEZ ASUNCION,

                              Petitioner,

          - against -

PAUL ARTETA, *et al.*,

                           Respondents.

**No. 26 Civ. 606 (PMH)**

**STIPULATION AND
~~[PROPOSED]~~ ORDER**

---

WHEREAS, petitioner Nelson David Lopez Asuncion ("Mr. Lopez Asuncion") brought this habeas action under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking an order from this Court requiring that he be released or given a bond hearing with certain criteria;

WHEREAS, on May 28, 2025, ICE arrested and detained Mr. Lopez Asuncion pending completion of his removal proceedings;

WHEREAS, on January 22, 2026, Mr. Lopez Asuncion filed a habeas petition in this Court seeking an order from the Court requiring that he be immediately released or given a bond hearing with certain criteria; and

WHEREAS, based on the specific facts and circumstances of this case, and without conceding the merits of the case, and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of preserving party and judicial resources and expediting the resolution of this case, the government has agreed to provide Mr. Lopez Asuncion with an individualized bond hearing; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. The government shall, within 7 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide Mr. Lopez Asuncion with an individualized bond hearing before an immigration judge at which ICE bears the burden of establishing, by clear and convincing evidence, that he poses a danger to the community or a flight risk.  At that hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider Mr. Lopez Asuncion's ability to pay in determining the appropriate bond amount.

3. The immigration judge, and the Board of Immigration Appeals (if any appeal is taken), must conduct an individualized assessment under the standard set forth in the preceding paragraph and shall not deny bond based on lack of jurisdiction, whether under *Matter of Yajure Hurtado*, 29 I. & N. 216 (BIA 2015), *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2015), or any other basis.

4. ICE agrees not to invoke an automatic stay of the immigration judge's custody decision in the event that the immigration judge grants Mr. Lopez Asuncion release.

5. The government has agreed to take these actions based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as an admission of liability or wrongdoing by the government, or a concession of any rights or arguments by the government or by the petitioner; nor shall it be construed to require the government to provide a bond hearing to any other noncitizen in similar or dissimilar circumstances, or to make any agreements similar

to those made here, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

6.   The Court shall retain jurisdiction to enforce compliance with this stipulation and order.

New York, New York
February 9, 2026

PRISONERS' LEGAL SERVICES
OF NEW YORK
*Attorney for Petitioner*


/s/ *John H. Peng* [1]
John H. Peng, Esq.
41 State Street, Suite M112
Albany, New York 12207
Tel.    (516) 712-7608

New York, New York
February 9, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Respondents*


/s/ *Brandon M. Waterman*
Brandon M. Waterman, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.    (212) 637-2743


SO ORDERED:

HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE

Dated:  White Plains, New York
           February 10, 2026

---

[1] Consent for signature obtained pursuant to S.D.N.Y. ECF Rule 8.5(c)